UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JESSICA H. EDGE, | ) |
|         Plaintiff, | ) |
|         v. | ) Case No. 4:18-cv-00167-TWP-DML |
| BOARD OF SCHOOL TRUSTEES OF THE SALEM COMMUNITY SCHOOL CORPORATION, | ) |
|         Defendant. | ) |

## ENTRY DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

This matter is before the Court on Defendant Board of School Trustees of the Salem Community School Corporation's (the "Board") Motion for Partial Judgment on the Pleadings (Filing No. 16), filed pursuant to Federal Rule of Civil Procedure 12(c). Also before the Court is Plaintiff Jessica H. Edge's ("Edge") Motion for Leave to File Surreply in Opposition to Defendant's Motion for Judgment on the Pleadings. (Filing No. 26). On September 12, 2018, Edge filed a Complaint (Filing No. 1), alleging employment termination in violation of the Family and Medical Leave Act, violation of 14th Amendment due process rights and a Petition for judicial review of administrative action pursuant to state statute. For the following reasons, the Court Edge's Motion for Leave to file a Surreply and **denies** the Board's Motion for Partial Judgment on the Pleadings.

### I.    BACKGROUND

As required when reviewing a motion for judgment on the pleadings, the Court accepts as true the factual allegations in the complaint and draws all inferences in favor of Edge as the non-

moving party. *See Emergency Servs. Billing Corp v. Allstate Ins. Co.*, 668 F.3d 459, 464 (7th Cir. 2012).

Edge is a resident of Washington County in the State of Indiana (Filing No. 1 at 2). The Board is located in Salem, Washington County, Indiana. *Id.* Edge had been a certified teacher at Salem Community Schools for sixteen (16) years from 2002 until her teaching contract was cancelled in August 2018. On December 4, 2017, Principal Brent Minton ("Minton") recommended the cancellation of Edge's teaching contract. *Id*. at 3. The Complaint does not state why Minton recommended the cancellation of her contract; however, Edge denies all of the allegations against her. On November 14, 2017, the Board placed Edge on paid administrative leave. *Id.* at 3. On January 12, 2018, the Board withdrew the cancellation proceedings and directed Edge to return to work starting January 16, 2018. *Id*. at 5. However, before Edge could return to work, the Board required her to sign a "Last Chance Agreement." *Id*. Under the terms of the "Last Chance Agreement" Edge was required to (a) participate in sensitivity and bullying training; (b) attend training to "learn the appropriate and professional use of all forms of social media in the school setting;" (c) "meet with the Salem Middle School Principal on a bi-weekly basis…to review the events of the past two weeks, discuss any concerns regarding the Teacher's implementation of the expectations established in this Agreement, and discuss and prepare goals for effective, professional and respectful communications…;" (d) meet with a mentor; (e) refrain from speaking with Board Members; and (f) request permission from her building principal to leave the building. *Id.*

The same day of the notification that she would have to sign the "Last Chance Agreement," Edge informed the Board that she would not be returning on January 16th and would request FMLA leave to care for her sick daughter. *Id*. Edge completed the FMLA forms, but the Board asked her

to provide additional information and resubmit the FMLA forms on three (3) occasions. She provided the Board with a third certification form on February 21, 2018. *Id*. The third request from the Board, by letter dated February 14, 2018, did not state whether Edge's FMLA was approved or denied. The Board failed to provide a Designation Notice to Edge stating when her FMLA leave began. *Id*.

In May of 2018, the Board sent a letter to Edge stating that it intended to initiate proceedings to cancel her contract. In June of 2018, Edge was notified that the Board was moving to cancel her contract. Following a conference with the Board, it issued Findings of Fact, Conclusions of Law and Decision dated August 13, 2018, cancelling Edge's contract. On September 12, 2018, Edge filed the instant Complaint alleging the Board violated the Family and Medical Leave Act and 42 U.S.C. § 1983 when it cancelled her contract. She alleges the decision to cancel her contract was arbitrary and capricious; an abuse of discretion; contrary to constitutional right, power, privilege, or immunity; and unsupported by substantial evidence.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits a party to move for a judgment after the parties have filed a complaint and an answer and the pleadings are closed. A motion for judgment under Rule 12(c) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). Therefore, the court must determine whether the complaint states "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court views the facts in the complaint in the light most favorable to the nonmoving party and will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Northern Indiana Gun and Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). However, the court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id*. As mentioned, 12(c) permits judgments based on pleadings alone. Such pleadings include any instruments attached as exhibits, the complaint, as well as the answer. *Id*. Where the plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support its position. *Hous. Auth. Risk Retention Grp. v. Chi. Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004). Judgment may be granted on the pleadings only if all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the court. *Maloy v. Stucky, Lauer & Young*, 2018 U.S. Dist. LEXIS 58084, at *4 (N.D. Ind. Apr.5, 2018).

### III.  DISCUSSION

As an initial matter, the Court will address Edge's motion for leave file a surreply. ([Filing No. 26](#)). Edge contends a surreply is necessary because the Board has introduced new legal arguments in its reply brief. In particular, she argues the Board newly asserted that her claims are not preempted by the new state statute. ([Filing No. 23 at 1-3](#)) and newly argued that Indiana Code § 34-13-3.5 does not add an exhaustion of administrative remedies requirement. ([Filing No. 23 at 3](#)). The Board opposes any surreply arguing that it did not raise new arguments in its reply brief, but rather merely responded to issues first raised by Edge in her response brief.

A court's decision to permit the filing of a sur-reply is purely discretionary. *Meraz-Camacho v. United States,* 417 F. App'x 558, 559 (7th Cir. 2011) (unpublished opinion). Upon review of the parties briefing, the Court determines that the Board did indeed raise a new issue in *their reply brief.* Accordingly, the motion for leave (Filing No. 26) is **granted** and the information in the surreply (Filing No. 26-1) will be considered by the Court.

In her Complaint, Edge asserts claims against the Board for (1) interference with, restraint and/or denial of substantive FMLA statutory rights; (2) retaliation for exercising substantive FMLA statutory rights; (3) violation of the Fourteenth Amendment of the United States Constitution and violation of Article I, Section 12 of the Indiana Constitution; and (4) petition for review of the findings entered by the Board following Edge's cancellation of her teaching contract pursuant to Ind. Code § 20-28-7.5. (Filing No. 1 at 9-15.) The Board moves for partial judgment on the pleadings, arguing that Edge failed to comply with the written notice requirements of Ind. Code § 34-13-3.5 (Filing No. 16 at 1). The Board argues the Court should enter partial judgment on the pleadings under Rule 12(c) and dismiss the matter without prejudice.

Ind. Code § 34-13-3.5 is a relatively new statute that went into effect on July 1, 2018 (Filing No. 17 at 3). Pursuant to Ind. Code § 34-13-3.5:

> An individual or entity may not initiate a civil action or an administrative proceeding against a public school, unless the individual or entity submits a written notice to the public school and the governing body or the equivalent authority for a charter school that notifies the public school and the governing body or the equivalent authority for a charter school of the alleged violation of law and indicates a proposed remedy.

This statute applies to any civil action filed against a public school corporation, regardless of the subject matter of the causes of action alleged therein. The written notice must include a proposed remedy "with a specific request for relief" and must allow time for the school to offer the individual the relief requested before the individual initiates a civil action against the school

([Filing No. 17 at 4](#)). *See* Ind. Code § 34-13-3.5. Once the written notice is submitted to the school and school board, the school and school board have fifteen days to remedy the alleged violations and make a written settlement offer to the individual. *Id*. *See* Ind. Code § 34-13-3.5-6. Edge filed her Complaint on September 12, 2018, after July 1, 2018 when the statute was enacted, and without providing any written notice or proposed remedy. The Board contends that pursuant to Ind. Code § 34-13-3.5-7, her failure to comply with the written requirement of Ind. Code § 34-13-3.5 before initiating a civil action against the school means that the Court "shall dismiss the action without prejudice." *Id.*

Edge contends she was not required to give written notice to the Board prior to filing her lawsuit. She argues that requiring her to provide written notice prior to filing her lawsuit would restrict or limit her rights under the United States Constitution, the Indiana Constitution and the Family and Medical Leave Act ([Filing No. 22 at 3](#)). Edge notes that Ind. Code § 34-13-3.5-1 (b) provides: "This chapter does not apply to a civil action or administrative proceeding under IC 20-28 or IC 20-29." ([Filing No. 22 at 4](#).) (Emphasis in original.) She explains that she filed the instant civil action under Indiana Code § 20-28 and Count IV of her *Complaint* stems directly from the cancellation of her teaching contract under Indiana Code § 20-28-7.5.

Ind. Code § 34-13-3.5-2 provides: "This chapter may not be construed to restrict or limit the rights, procedures, or remedies available to an individual or entity under (1) the federal or state Constitution; or (2) another federal law." *Id*. Because her Complaint includes claims under both the United States Constitution and the Indiana Constitution (Count III) as well as a federal law – the Family and Medical Leave Act (Counts I and II), Edge argues requiring her to provide written notice prior to filing a lawsuit would restrict or limit her constitutional rights. She notes that federal law preempts the new Indiana statute.

In support of its Motion for Partial Judgment on the Pleadings, the Board asserts that Edge's Complaint is not a civil action under Ind. Code § 34-13-3.5, rather, a civil action under Ind. Code § 4-21.5-5, meaning the exclusions to the notice requirement do not apply to Edge's Complaint ([Filing No. 23 at 3](#)). On May 7, 2018, Edge received a letter which addressed her failure to return to work from FMLA leave. ([Filing No. 1 at 8](#).) The letter stated that "…the School Corporation intends to initiate proceedings to cancel your teaching contract." Id. Edge then received a letter from Dr. Reed, dated June 20, 2018, which was a "Notice of Principal's Preliminary Decision to Cancel Teacher Contract and Conference Rights." Id. at 9.

The question of preemption is irrelevant to the resolution of the Motion because Ind. Code § 34-13-3.5-2 provides: "This chapter may not be construed to restrict or limit the rights, procedures, or remedies available to an individual or entity under (1) the federal or state Constitution; or (2) another federal law." The Indiana General Assembly clearly understood that this statute would be preempted by federal law if it attempted to restrict a litigant's ability to file a federal suit. Thus it expressly exempted federal suits from the dictates of the statute altogether, obviating the need for a preemption analysis.

By the plain terms of the statute, it does not apply to federal causes of action such as this one. Therefore, the Board's assertion that Edge was required to comply with the statute's notice procedure before filing this action is erroneous. Edge's Complaint includes claims under the United States Constitution, the Indiana Constitution, and federal law–FMLA. Each of those claims is expressly exempted from notice requirements by Ind. Code § 34-13-3.5-2. Accordingly, the Motion for Partial Judgment on the Pleadings is denied on this basis.

The Board also argues that this case is not a civil action under Ind. Code § 20-28. Rather it is a civil action under Ind. Code § 4-21.5-5. In particular, Count IV of the Complaint asserts a

state claim for "Petition for Review Pursuant to Ind. Code § 4-21.5-5-14." (Filing No. 23 at 3.) Actions brought under this statute are not excluded from the notice requirement of Ind. Code § 34-13-3.5-1. *Id*.

In response, Edge argues that Count IV of her Complaint comes directly from the cancellation of her teaching contract under Ind. Code § 20-28-7.5. She specifically alleges: "[the Board] failed to meet its burden of proof regarding its claim of 'insubordination' pursuant to *Ind. Code § 20-28-7.5-1(e)(2)* by failing to present evidence that Edge willfully refused to obey state school laws or reasonable rules adopted by [the Board]." (Filing No. 22 at 4.) (Emphasis in original.) *See also* (Filing No. 1 at 17). The Court is persuaded. Because the Complaint is a civil action under Ind. Code § 20-28, not under Ind. Code § 4-21.5-5, the Court agrees that the notice requirements of this new Indiana statute do not apply to Edge's Complaint.

Finally, as argued in her Surreply, even if the Court were to find that notice was required pursuant to Indiana Code § 34-13-3.5-4, Edge provided notice – both written and verbal – to Defendant throughout the administrative proceedings.

For all these reasons, the Board's Motion for Partial Judgment on the Pleadings is therefore denied on this argument as well.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the Board's Motion for Partial Judgment on the Pleadings (Filing No. 16) and **GRANTS** Edge's Motion for Leave to file a Surreply (Filing No. 26).

**SO ORDERED.**

Date: 7/1/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sara R. Blevins
LEWIS & KAPPES PC
sblevins@lewis-kappes.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Emma Elizabeth Jay
LEWIS & KAPPES, P.C.
ejay@lewis-kappes.com

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com